UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 01 2021

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

| | |
|---|---|
| TIESHIA BOWIE, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-946-J |
| | ) |
| PHOENIX FINANCIAL SERVICES, LLC., | ) |
| Defendant. | ) |

## ADVISMENT PURSUANT TO COURT ORDER TO CLARIFY STATUS OF VANCE DOTSON IN RELATION TO THIS CASE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Attorney-In-Fact Vance Dotson and submits the following response to the Order [Doc. No .4] in support thereof:

Vance Dotson has a valid assignment of claim executed by Plaintiff Tiesha Bowie. On September 20, 2021, Plaintiff executed a Power of Attorney that gave Mr. Dotson the express power to bring suit. (Please see attach "Assignment of Claim for Damages") Thereupon, Plaintiff instituted the above-styled action along with Vance Dotson (Doc. No. 1). In Great American Ins. Co. v. Keswater, 1928 OK 393, 131 Okla. 196, 268 P. 258, 260 (Okla. 1928), the Oklahoma Supreme Court set aside a judgment brought in the name of an attorney-in-fact on behalf of the principal based on the rule that every action must be prosecuted in the name of the real party in interest. In Atlas Assur. Co. of London v. Fairchild, 1935 OK 190, 171 Okla. 609, 43 P.2d 482, 486 (Okla. 1935),

1

the Oklahoma Supreme Court stated that it was not necessary or proper for an action to be instituted in the name of an agent who had authority to employ an attorney and institute a lawsuit. Therefore Mr. Dotson has initiated the present lawsuit in Ms. Bowie's name and submits that he has standing to litigate this matter.

> Attorney In Fact Definition:
> An agent authorized to act on behalf of another person, but not necessarily authorized to practice law, e.g. a person authorized to act by a power of attorney. An attorney in fact is a fiduciary. Also known as attorney in fact or private attorney.

Mr. Dotson, through his assignment of claim, is authorized to act on behalf of Plaintiff Tiesha Bowie and is therefore an attorney in fact. Fed. R. Civ. P. 17(a)(1) provides that an action must be prosecuted in the name of the real party in interest. In the present litigation, Plaintiff Tieshia Bowie is also included in the caption. Fed. R. Civ. P. 17(a) (G) allows for a party authorized by statute. Pursuant to **Okla. Stat. tit. 15, § 1014(1)** Mr. Dotson is authorized by statute to prosecute this cause of action.

In a statutory power of attorney, the language with respect to claims and litigation empowers the agent to:

1. Assert and prosecute before a court or administrative agency a claim, a cause of action, counterclaim, offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief;
2. Bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae;
3. In connection with litigation, procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree;

2

4. In connection with litigation, perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation;

5. Submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation;

6. Waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation;

7. Act for the principal with respect to bankruptcy or insolvency proceedings, whether voluntary or involuntary, concerning the principal or some other person, with respect to a reorganization proceeding, or a receivership or application for the appointment of a receiver or trustee which affects an interest of the principal in property or other thing of value; and

8. Pay a judgment against the principal or a settlement made in connection with litigation and receive and conserve money, or other thing of value paid in settlement of or as proceeds of a claim or litigation.

*Okla. Stat. tit. 15 § 1014*

### Rule 17. Plaintiff and Defendant; Capacity; Public Officers

(a) Real Party in Interest.

    (1) *Designation in General.* An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought:

        (A) an executor;

3

(B) an administrator;

(C) a guardian;

(D) a bailee;

(E) a trustee of an express trust;

(F) a party with whom or in whose name a contract has been made for another's benefit; and

**(G) a party authorized by statute.**

(2) *Action in the Name of the United States for Another's Use or Benefit.* When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.

(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

(b) Capacity to Sue or Be Sued. Capacity to sue or be sued is determined as follows:

(1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;

(2) for a corporation, by the law under which it was organized; and

(3) for all other parties, by the law of the state where the court is located, except that:

(A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and

(B) 28 U.S.C. §§754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

(c) Minor or Incompetent Person.

(1) *With a Representative.* The following representatives may sue or defend on behalf of a minor or an incompetent person:

(A) a general guardian;

(B) a committee;

(C) a conservator; or

(D) a like fiduciary.

(2) *Without a Representative.* A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

(d) Public Officer's Title and Name. A public officer who sues or is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added.

International Association of Firefighters, Local 2069 v. City of Sylacauga, 436 F.Supp. 482, 488 (D. Ala. 1977) (holding it is well-settled that a grant of a mere power of attorney, **short of an assignment of a claim**, does not change the real party in interest). Here Mr. Dotson has the assignment of the claim in this action.

There are a number of cases where attorneys in fact initiated the suits on behalf of *named* principals or plaintiffs. In those cases, the captions were drafted in the same way as the caption in the present complaint. *See, e.g., Canton v. Duvergee,* 438 F.2d 1218 (3d Cir.1971); *National Ins. Underwriters v. Mark,* 704 F.Supp. 1033 (D.Colo.1989); *Lumberman's Underwriting Alliance v. Hills,* 413 F.Supp. 1193 (W.D.Mo. 1976); *Wimberly By Bauer v. Furlow,* 869 S.W.2d 314 (Mo.Ct.App.1994). These cases support the conclusion that Mr. Dotson, as attorney in fact, had proper authority to institute the present action on behalf of the Plaintiff.

Respectfully submitted:

_____
Vance Dotson, *Attorney-In-Fact*
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323
vancedotson@yahoo.com

5